UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KENNETH THOMPSON,

                                    Plaintiff,

            -v-

DANIEL S. STEINBERG, ARON O. BRONSTEIN, and
RAQUEL VASSERMAN,

                                    Defendants.

20 Misc. 207 (PAE)

ORDER

PAUL A. ENGELMAYER, District Judge:

        The Court has received the attached the letter from the Government, indicating that

defendant Aron Oleg Bronstein is compliant with his monthly restitution obligations.  The Court

is unaware of any factual basis to contend otherwise.  Should Mr. Thompson have a different

view about the status of the defendant's compliance, he may wish to contact Government

counsel.   The Court has no occasion to take further action at this time.

        SO ORDERED.

PAUL A. ENGELMAYER
United States District Judge

Dated: December 9, 2020
        New York, New York



**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*86 Chambers Street*
*New York, New York 10007*

December 8, 2020

**BY ECF**

The Honorable Paul A. Engelmayer
United States District Judge
Thurgood Marshall United States Courthouse
40 Foley Square
New York, New York 10007

     Re:  *United States v. Aron Oleg Bronstein*, No. 00 Cr. 100 (PAE)

Dear Judge Engelmayer:

     In response to the Court's December 2, 2020 order (Dkt. 119), we respectfully submit this letter to provide the status of restitution payments owed to victim Kenneth Thompson. This Office is responding to the Court's request for status because the defendant is no longer under the supervision of the United States Probation Office.

     On March 16, 2001, the Court sentenced the defendant to 46 months of imprisonment followed by three years of supervised release upon convictions for conspiracy to commit securities fraud and wire fraud and multiple counts of substantive securities fraud. *See* Judgment (Dkt. 54). In addition, the Court ordered the defendant to pay $3,209,000 in restitution to more than 150 victims. *Id.* The Bureau of Prisons ("BOP") released the defendant on or about March 19, 2004. *See* BOP Inmate Locator at www.bop.gov/inmateloc (visited December 3, 2020). Therefore, his three year term of supervised release expired on or about March 19, 2007. Pursuant to 18 U.S.C. § 3613(b), the defendant's liability to pay restitution expires 20 years after his release from prison. In accordance with 18 U.S.C. §§ 3612-13 and 3771, the United States Attorney's Office will continue to pursue collection of the restitution debt until it expires in 2024.

     On January 9, 2018, the Court entered a Stipulation and Order requiring the defendant to make restitution payments of at least $800 per month. This Court's records show that the defendant has consistently paid $800 each and every month in the 35 months since the Court issued its order. The last payment of $800 posted on November 19, 2020. The Clerk of Court receives and disburses payments of criminal restitution on a pro rata basis as it accumulates sufficient funds to issue checks of at least $50 to each victim. *See* 18 U.S.C. § 3611 and 28 U.S.C. § 604(a)(18).

     Respectfully submitted,

     AUDREY STRAUSS
     Acting United States Attorney

By:  */s/ Melissa A. Childs*
     MELISSA A. CHILDS
     Assistant United States Attorney

86 Chamber Street, 3rd Floor
New York, NY 10007
Telephone: (212) 637-2711
Facsimile:  (212) 637-2717
Email: melissa.childs@usdoj.gov